HOUSTON *v.* SCHRIEBER, D. B. A. JOSEPH SCHRIEBER & SONS.

(Decided November 4, 1929.)

*Mr. John A. Scanlon* and *Mr. Edwin G. Becker,* for plaintiff in error.

*Mr. Bert H. Long,* for defendant in error.

HAMILTON, J.   This action was one for personal injuries, brought by the plaintiff in error, Joseph E. Houston, who was plaintiff below, against the defendant in error, William Schrieber, who was defendant below.

The injuries resulted from the collision of the plaintiff's motorcycle with the defendant's automobile, which occurred at the intersection of Central avenue and Liberty street, in the city of Cincinnati.

It appears that the plaintiff was driving his motorcycle north on Central avenue near Liberty street, and that the defendant's agent was driving defendant's automobile south on Central avenue, and turned east into Liberty street.   In making the

turn, while in the east side of the intersection, the plaintiff's motorcycle ran into the side of the automobile, resulting in the injuries to plaintiff.

The plaintiff charged negligence against the defendant in that its agent failed to slow up at the intersection, failed to give any signal that he was about to turn, and failed to give the right of way to the plaintiff, coming from his right, in violation of the state law and ordinance of the city of Cincinnati.

At the trial the jury returned a verdict for defendant, and judgment was entered on that verdict. Motion for a new trial was overruled, and error prosecuted to this court.

The specifications of error are: The sustaining of defendant's objection to certain evidence; error in giving a special charge, requested by defendant; and error in the general charge.

The exclusion of the evidence complained of grows out of the following questions:

"Q. Were you in a position at that time to know what the earning capacity was of Mr. Houston?"

Objection by Mr. Long. Sustained by court. Exception.

The following proffer was then made by Mr. Becker:

"The witness if permitted to answer would say that the earning capacity of the plaintiff prior to July 10, 1926, was between eighty and a hundred dollars a week."

"Q. Are you in position to state, Mr. Wall, what the earning capacity is of Mr. Houston at the present time?"

"Objection by Mr. Long. Sustained by court.

Exception. At which time Mr. Becker made the following proffer:

"If permitted to answer the witness would testify that the earning capacity of the plaintiff at the present time is between thirty and thirty-five dollars a week."

The difficulty with these two questions is that the proffers are not responsive to the questions. The questions called for a "yes" or "no" answer. The proffers were made on the theory that the witness would answer "yes," but we have no way of knowing this to be the fact. Certainly if the witness, in answer to the question, had answered "no," that he was not in a position to know, then undoubtedly the proffers would not avail.

On this state of the record we are unable to say that the plaintiff was prejudiced by the action of the court. Moreover, the verdict was a general verdict. There were no interrogatories or other proceedings to test the jury as to the ground of the verdict. We must, therefore, presume that the jury found either that the plaintiff was guilty of contributory negligence or that the defendant was not guilty of any negligence contributing to the accident and injury.

The questions bear only on the measure of damage, so that any error with reference to the measure of damage would not require a reversal of the judgment.

The special charge, requested by defendant, and given, is subject to criticism, but no objection was made, or exceptions taken by the plaintiff, and this error, if such it was, cannot be considered.

The remaining propositions go to the general charge.

The first complaint against the general charge goes to that part of the charge referring to the provisions of the General Code and the ordinances of the city of Cincinnati. The paragraph in the charge complained of is:

"Therefore, if you find that the driver of the motorcycle, that is the plaintiff, violated any of the sections of the General Code, or the ordinances of the city of Cincinnati, which I have read to you, then such violation of the statutory laws of the State, and the ordinances of the city, would be negligence in itself on the part of the plaintiff."

In view of the law pronounced by the Supreme Court in the case of *Schell* v. *Du Bois, Admr.*, 94 Ohio St., 93, 113 N. E., 664, L. R. A., 1917A, 710, the charge was not erroneous when considered in connection with the law and ordinances as read to the jury by the court.

Plaintiff in error further objects to certain paragraphs of the charge with reference to the burden of proof, but fails to give credit to the charge as a whole. While the court used many paragraphs in stating and restating the burden of proof, both in relation to negligence and contributory negligence, there is in the charge a proper statement of the law. While the charge is subject to criticism, we are of opinion that, taken as a whole, the proper rule of law was stated to the jury. As illustrative of the point, take the charge of the court on the burden of proof as to contributory negligence. The court did fail to state in one or two places that contributory negligence must be the proximate cause of the injury, but in closing the charge on this question, the court said this: "In other words, if the plaintiff

was guilty of negligence in the slightest degree, and such negligence directly and proximately contributed to cause his injuries, the plaintiff cannot recover." The omission of the words "directly and proximately," in discussing the rule in the preceding paragraphs, was cured at the end of the charge on this question by the court clearly, succinctly, and correctly stating the rule.

Complaint is made of the following paragraph in the charge:

"The burden of establishing contributory negligence as a defense, rests upon the defendant unless, as I have said, the proof offered by the plaintiff is such as to raise a presumption of negligence on his part, in which event the burden of proof would rest upon the plaintiff to remove such presumption of negligence by appropriate and sufficient evidence."

It is complained that this charge places upon the plaintiff a greater burden than the law requires; that all that the law requires is sufficient evidence to counterbalance the evidence which raised such presumption of negligence. The court stated that the plaintiff must remove such presumption of negligence by appropriate and sufficient evidence. This must be construed as requiring evidence sufficient to remove or counterbalance the presumption raised. It would have been better had the court explained what was meant by appropriate and sufficient evidence, but this would be an omission and not an error of commission. If plaintiff desired a more specific charge and an explanation of the words "appropriate and sufficient," he should have so requested.

At the end of the charge, upon request of the defendant, the court charged the jury as follows:

"My attention has been called to the fact that there is no testimony in the case as to whether or not the neighborhood or section in which this collision is alleged to have occurred was in the business or closely built up portion of the city, therefore, there being no evidence upon that question, you will proceed to consider the case as though it had happened beyond the confines of the business or closely built up portion of the city."

The request for and the giving of this charge was not justified under the record. There is evidence that the accident occurred at a busy, much-traveled intersection in the city of Cincinnati, that on one corner was a drug store, on another corner, a soft drink parlor, all of which is some evidence that it occurred in the business or closely built-up portion. The question should have been left to the jury. However, this question would only have a bearing in the case on the question of speed. We do not find in the record evidence to the effect that speed in excess of that provided in the ordinance, or the law, in the business or closely built-up section of the city, was a contributing cause of the accident. The whole controversy seems to turn on whether or not the driver of the automobile disregarded the coming of the motorcycle, and made his turn diagonally, without giving a signal, thus cutting plaintiff off in such a way that he was not able to stop in time to avoid the accident. Circumstances like those which appear to have caused the accident, as given in the evidence, would arise at any intersection, whether in the closely built-up section, or under other conditions.

We are therefore of the opinion that, while the giving of this charge was erroneous, it was not of a prejudicial character in this case.

Finding no prejudicial error in the record, the judgment is affirmed.

*Judgment affirmed.*

CUSHING, P. J., and ROSS, J., concur.