Matthias, J.
 

 The primary question for consideration and decision in this case is whether there was prejudicial error in the submission of the issue of contributory negligence, it being in that respect that the Court of Appeals found its judgment to be in conflict with that of another Court of Appeals. Concededly, contributory negligence was an issue, was supported by evidence, and its determination was a matter for the jury. The conflict of judgment referred to is based
 
 *19
 
 upon the decision of the Court of Appeals of Hamilton County in
 
 Houston
 
 v.
 
 Schreiber,
 
 34 Ohio App., 244, 170 N. E., 661, particularly that portion wherein the court, in considering the question whether the charge in that case on contributory negligence was erroneous, said: “The court did fail to state in one or two places that contributory negligence must be the proximate cause of the injury, but in closing the charge on this question, the court said this: ‘In other words, if the plaintiff was guilty of negligence in the slightest degree, and such negligence directly and proximately contributed to cause his injuries, the plaintiff cannot recover.’ The omission of the words ‘directly and proximately,’ in discussing the rule in the preceding paragraphs, was cured at the end of the charge on this question by the court clearly, succinctly, and correctly stating the rhle.”
 

 The claimed prejudicial error of the trial court in the instant case is based upon the court’s general instructions wherein the term “proximate cause” was not mentioned as a necessary factor in some instances where reference was made to the contributory negligence of the plaintiff. Although it is conceded that when' the court came to sum up the entire case the instructions relative to the factors constituting contributory negligence as a defense were full, complete and correct, it is urged that the previous omission of reference to proximate cause as an essential factor in considering contributory negligence requires the application of the established rule that where both a correct and a prejudicially incorrect instruction upon the same subject have been given to the jury and from the entire charge it is uncertain which the jury adopted and applied, the judgment based upon the verdict in such case should be reversed. 29 Ohio Jurisprudence, 769.
 

 There can be no question as to the soundness of this
 
 *20
 
 rule or the duty to give it effect where it is applicable. However, the consideration of the entire charge in this case, giving attention to each reference therein to the question of contributory negligence, convinces us that the situation presented here calls rather for the application of the rule that in determining the question of error in the instructions to the jury the charge must be viewed as a whole and the portion which is claimed to be erroneous must be considered in its relationship to the other portions of the charge. 29 Ohio Jurisprudence, 766;
 
 Ohio & Indiana Torpedo Co.
 
 v.
 
 Fishburn,
 
 61 Ohio St., 608, 56 N. E., 457, 76 Am. St. Rep., 437;
 
 Ochsner, Admr.,
 
 v.
 
 Cincinnati Traction Co.,
 
 107 Ohio St., 33, 140 N. E., 644. It is thus that we determine .whether two inconsistent instructions have been given, one correct and the other incorrect. The charge should not be held erroneous merely because every condition to a recovery or defense is not embraced in each paragraph. All instructions concerning a given subject must be taken into consideration. That is particularly true where it is claimed that there is a failure to define or explain a term in connection with its use in some portion of the charge or some mere omission in that regard where it is fully and accurately defined or explained in other portions of the charge.
 

 The particular error urged consisted of the omission of the trial court in some instances in referring to negligence of the plaintiff as being a bar to his recovery to there state that such negligence must have contributed proximately to cause the injury. There were several specifications of negligence in the petition. The court gave instructions with reference to each one separately, concluding each with a statement in substance that if it had been shown by the greater weight of the evidence that the defendant was negligent in such particular, proximately causing injury to the plaintiff, he could recover if he himself were not negligent. In th»
 
 *21
 
 course of such submission the court did not then define contributory negligence or state that to bar recovery it must have contributed directly or proximately to cause the injury; but subsequently defined it as follows: “Contributory negligence is negligence of the plaintiff concurring and cooperating with the negligence of the defendant which is a proximate cause of injury. If the plaintiff in the situation and at the time and place was guilty of contributory negligence proximately causing his injury then he could not recover because you cannot divide negligence in this case.” Prior to that instruction the court had charged the jury that “contributory negligence is an affirmative proposition and must be established by the greater weight of the evidence by the defendant unless and except the plaintiff’s evidence or the evidence of the plaintiff’s witnesses gives rise to a reasonable inference or presumption that the plaintiff’s own negligence contributed proximately to the production of the injury which is the basis of his action,” etc. It is to be seen that the court not only clearly indicated that, to operate as a bar, contributory negligence must be found to have been a proximate cause of the injury, but the court went further and, rather inaccurately but certainly to the benefit and not the detriment of the plaintiff, defined contributory negligence as negligence which cooperated with that of the defendant to proximately cause the injury, thus clearly carrying the impression that the term “contributory negligence” as previously used by him in the charge should be understood and applied as involving and including the element of proximate cause. In addition thereto, in a requested charge given by the court before argument, the court, in referring to contributory negligence, coupled therewith the qualification that it must have “directly caused or directly contributed to bring about the injuries,” etc.
 

 It is to be seen, therefore, that two contradictory
 
 *22
 
 instructions were not given by tbe court. There was at most only an omission in the instances cited to couple proximate cause with the term “contributory negligence.” Surely no one would claim it would have been error, either by omission or otherwise, if, in referring to contributory negligence in the opening portions of the charge, the court had added the expression, “as hereinafter defined,” or “as later explained.” As we have seen, the court not only did give the definition of contributory negligence which was to be applied, stating that to be effective it must have been a proximate cause of the injury, but gave an instruction of like tenor and effect before argument, and then, as well as in the course of the general charge, specifically instructed the jury that the entire charge, the instruction given before, as well as that given subsequent to the argument, should be considered together. Clearly there was no prejudicial error in the instructions relative to the issue of contributory negligence. The most recent statement of the two-issue rule appears in the recent case of
 
 Swoboda
 
 v.
 
 Brown,
 
 129 Ohio St., 512, 196 N. E., 274. A restatement at this time is deemed unnecessary. It should have been applied by the Court of Appeals in this case. It follows that the judgment of the Court of Appeals is reversed and that of the Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Stephenson, Jones, Day and Zimmerman, JJ., concur.