JACKSON, Appellant,

v.

FOREST CITY ENTERPRISES, INC., Appellee.

[Cite as *Jackson v. Forest City Ent., Inc.* (1996), 111 Ohio App.3d 283.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69793.

Decided June 3, 1996.

*Alan I. Goodman,* for appellant.

*Weston, Hurd, Fallon, Paisley & Howley* and *James L. McCrystal; Reminger & Reminger* and *Mary Margaret Hill,* for appellee.

---

*Per Curiam.*

Pursuant to App.R. 11.1 and Loc.R. 25, plaintiff-appellant James Jackson, Jr., has filed an accelerated appeal which challenges a summary judgment on behalf of defendant-appellee, Forest City Enterprises, Inc. Based upon the trial court record, the briefs and the oral argument of counsel, we find that the appellant's sole assignment of error has merit.

On July 22, 1994, the appellant filed a complaint in the Cuyahoga County Court of Common Pleas which alleged the following:

1. "On or about June 19, 1993, at approximately 10:00 p.m., the plaintiff, having left a restaurant at the defendant's shopping center, commonly known as 'Tower City', was riding an escalator leading from the lower concourse to the first floor level, when he slipped and fell as he boarded the escalator."

2. "At the time there were three employees or agents of the defendant in the vicinity of this escalator who saw the plaintiff fall and *who should have turned off the escalator,* which would have allowed the plaintiff to gather himself and avoid injury."

3. "The defendant's *employees' or agents' negligence [sic] failed to turn off the escalator with the result that the plaintiff continued to move in a prone position* on the moving stairway with the result that his right arm became wedged in the mechanism of the elevator caused [sic] him to suffer a serious three-inch laceration of his right armpit and injuries to his neck." (Emphasis added.)

On July 27, 1995, the appellee filed a motion for summary judgment premised upon the argument that (1) the appellant's own negligence had caused the injury suffered, and (2) the appellee had breached no duty as owed to the appellant. On August 23, 1995, the appellee filed a brief, which contained two sworn affidavits, in opposition to the appellant's motion for summary judgment. On October 4, 1995, the trial court granted the appellee's motion for summary judgment.

The appellant raises the following assignment of error on appeal:

"The lower court erred in granting summary judgment since there were genuine issues of material fact as to whether the appellee's security guards acted responsibly in failing to act to protect the appellant's well-being."

█ The essential elements of any action in negligence are duty, breach of duty, and proximate cause and injury. *Jeffers v. Olexo* (1989), 43 Ohio St.3d 140, 539 N.E.2d 614. Within the state of Ohio, it is well established that there is no liability in negligence unless a special duty is owed by the defendant to the injured plaintiff. *Strother v. Hutchinson* (1981), 67 Ohio St.2d 282, 21 O.O.3d 177, 423 N.E.2d 467. Herein, the appellant argues that the appellee possessed a duty to act affirmatively for the protection of others.

██ Ordinarily, an individual possesses no duty to act affirmatively for the protection of others and the fact that harm to another is foreseeable as a result of a failure to act does not create a duty to prevent harm. 2 Restatement of the Law 2d, Torts (1965) 116, Section 314 (adopted in *Gelbman v. Second Natl. Bank of Warren* [1984], 9 Ohio St.3d 77, 9 OBR 280, 458 N.E.2d 1262). However, an affirmative duty to act for the protection of others may arise where there exists a special and definite relationship between the parties. *Slagle v. White Castle Systems, Inc.* (1992), 79 Ohio App.3d 210, 607 N.E.2d 45. Relationships which result in a duty to protect others include (1) common carrier and its passengers, (2) innkeeper and guests, (3) possessor of land and invitee, (4) custodian and individual taken into custody, and (5) employer and employee. Restatement, *supra*, Section 314 A.

█ In the case *sub judice*, the appellant has alleged that the appellee possessed the affirmative duty to act to protect the appellant against unreasonable risk of physical harm by shutting off the escalator with an emergency-stop button immediately after the appellant had fallen on the escalator. This duty to

act is potentially premised upon the relationships of common carrier and landowner. See *May Dept. Stores Co. v. McBride* (1931), 124 Ohio St. 264, 178 N.E. 12; *Cornell v. Aquamarine Lodge* (1983), 12 Ohio App.3d 148, 12 OBR 471, 467 N.E.2d 896. Although the appellant alleges a duty on the part of the appellee, genuine issues of material fact exist for the trier of fact as to (1) whether the appellee was a common carrier or a landowner and thus owed a duty to the appellant, (2) whether the appellee breached any duty owed the appellant, and (3) whether the breach of any duty by the appellee proximately caused injury to the appellant. Since genuine issues of material fact do indeed exist for the trier of fact, the trial court erred by granting summary judgment on behalf of the appellee. Civ.R. 56(C); *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267; *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112, 526 N.E.2d 798.

Accordingly, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

SPELLACY, C.J., JAMES D. SWEENEY and PATRICIA ANN BLACKMON, JJ., concur.