Plaintiff-appellant, Daniel T. Scott, appeals the decision of the Clermont County Court of Common Pleas to grant summary judgment in favor of defendant-appellee, The Stables Restaurant and Entertainment Center, Inc. ("Stables"). We affirm the decision of the trial court.
On October 20, 1995, appellant and his girlfriend, Iva Jones, went to Stables. The record indicates that appellant may have been taking medication that should not be combined with alcohol. Appellant testified that he was at the restaurant for several hours and admitted consuming three shots of whiskey. According to Sheri Parker, an employee of Stables, appellant consumed seven or eight beers that evening. Appellant claimed that he and Jones got into a fight at approximately 8:00 p.m., which apparently continued until approximately 11:00 p.m. At that point, appellant was forced to leave the premises by Bill Alexander, an employee of Stables, and several other patrons.
Appellant stated that once outside the restaurant, he was confronted by three or four men. Appellant testified that he was hit on the head with a baseball bat.
According to the statement[1] of Gregory Ravenscraft, the manager of Stables, the fight between appellant and Iva Jones occurred at approximately 2:00 a.m. Ravenscraft stated that, due to the fight, appellant was escorted from Stables and banned for the evening. After appellant left, Ravenscraft was then told appellant was fighting outside. Ravenscraft went outside to investigate the situation. Appellant had "passed out." Ravenscraft "checked him out" and noticed a bloody nose, but "nothing else wrong with him." When the bar closed, Ravenscraft asked Alexander to check appellant before they left. Alexander woke appellant, who began to attempt to fight Alexander. At approximately that point in time, Ravenscraft and Alexander left for the evening. Ravenscraft stated that appellant did not have any head injuries when he checked him. Appellant was found injured later in the morning.
Appellant sued appellee for failing to exercise reasonable care in selling him alcohol when he was intoxicated and failing to provide assistance and/or medical care to appellant. Appellee filed for summary judgment which was granted by the trial court. From this ruling, appellant filed a timely notice of appeal and presents one assignment of error for our review:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY GRANTING DEFENDANT-APPELLEE'S SUMMARY JUDGMENT MOTION, RULING THAT NO LIABILITY ATTACHED TO THE DEFENDANT.
In considering the trial court's decision to grant appellee's summary judgment motion, we apply Civ.R. 56. Pursuant to Civ.R. 56(C), "the appositeness of rendering a summary judgment hinges upon the tripartite demonstration: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis DayWarehousing (1978), 54 Ohio St.2d 64, 66. This court reviews the trial court's decision to grant summary judgment de novo.Jones v. Shelly Co. (1995), 106 Ohio App.3d 440, 445.
In Smith v. The 10th Inning, Inc. (1990), 49 Ohio St.3d 289, the Supreme Court of Ohio concluded that an intoxicated patron does not have a cause of action for damages under R.C.4301.22(B)[2] against a liquor permit holder "where the injury, death or property damage sustained by the intoxicated person off the premises of the permit holder was proximately caused by the patron's own intoxication." Id. at 292. The court based its decision on "common sense public policy; namely, that an adult who is permitted to drink alcohol must be the one who is primarily responsible for his or her own behavior and resulting voluntary actions." Id. at 291.
Appellant attempts to distinguish The 10th Inning with the following arguments: (1) a common law action may exist; (2) appellant's "will to refrain" was impaired and therefore Stables, and not appellant, is responsible for the ramifications of his drinking; and (3) Stables' actions were willful, wanton and/or reckless. We find all of these arguments unpersuasive.
First, the broad public policy propounded in The 10th Inning
precludes this suit surviving summary judgment under a common law tort theory as well as under R.C. 4301.22(B). Even if Stables, through its employees, was aware that appellant was taking medication that should not be combined with alcohol, the import of The 10th Inning ruling is that appellant is primarily responsible for his decision to consume alcohol. Second, the record does not support the notion that appellant had lost the "will to refrain" from drinking. In any event, the Supreme Court of Ohio has never announced such an exception to The 10thInning and we decline the invitation to create one. The exception proposed would simply eviscerate the rule and public policy goal of The 10th Inning that an intoxicated person is responsible for his voluntary actions.
Appellant's other legal theory is that Stables and its agents negligently failed to assist appellant after he was injured. However, once appellant was banned from the premises by failing to conform his conduct to the requirements of Stables (i.e. fighting), he was no longer an invitee of Stables, but instead a licensee or trespasser. Gladon v. Greater ClevelandRegional Transit Auth. (1996), 75 Ohio St.3d 312, 316. A landowner's duty to a licensee or a trespasser is to refrain from "willful, wanton or reckless conduct which is likely to injure him." Id. at 318, citing Soles v. Ohio Edison Co.
(1945), 144 Ohio St. 373, at paragraph one of the syllabus. However, there is no evidence of willful, wanton or reckless conduct by Stables. Stables generally had no affirmative legal duty to assist appellant. Jackson v. Forest City Ent., Inc.
(1996), 111 Ohio App.3d 283, 285. Stables can only be held legally responsible for failing to assist appellant if Ravenscraft worsened appellant's situation when he testified that he found him with a bloody nose. See Restatement of Torts 2d, Section 324(b).[3] There is simply no evidence to support that factual scenario.
In reviewing the evidence in the light most favorable to appellant, we find that his legal theories cannot survive summary judgment because there is no genuine issue of material fact. Accordingly, the single assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] Appellee argues that this statement, as well as other evidence appellant references, is hearsay which fails to meet the requirements of the public record hearsay exception, Evid.R. 803(8)(b), and the deposition of another witness was never filed with the trial court. However, appellant's assignment of error, even considering the contested statements and deposition, lacks any merit and cannot survive summary judgment. Therefore, in the interest of judicial economy, we decline to address these evidentiary issues.
[2] R.C. 4301.22(B) provides that "[n]o sales shall be made to an intoxicated person."
[3] Duty of One Who Takes Charge of Another Who is Helpless
 One who, being under no duty to do so, takes charge of another who is helpless [to] adequately to [sic] aid or protect himself is subject to liability to the other for any bodily harm caused to him by
 (b) the actor's discontinuing his aid or protection, if by so doing he leaves the other in a worse position than when the actor took charge of him.