This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, John Searle ("Searle"), appeals from a civil jury verdict and judgment entered by the Medina County Court of Common Pleas in favor of Appellees, Daniel Switter ("Daniel") and Dennis Switter (together "Appellees").
 I. {¶ 2} On July 15, 1997, Searle was driving a pickup truck on Cleveland-Massillon Road when he attempted to make a U-turn in the road. The turning radius of the truck was such that a complete U-turn could not be accomplished without backing up partway though the turn in order to keep the truck on the road. After turning as far as he could and while the truck was sitting across both lanes of the road, Searle reversed the truck and, in doing so, backed too far and caught the rear bumper of the truck on the guardrail behind him. Searle was unable to free the truck, and he set out flares to warn oncoming traffic of the blocked lanes. It was after sunset, and so Searle also kept on his truck's lights. At the time of this incident, Searle had one passenger in the truck with him.
 {¶ 3} According to the testimony, Daniel and a passenger were traveling down Cleveland-Massillon Road when they came upon Searle's truck blocking the road. The testimony from Daniel and his passenger was that both the flares and the truck were visible to oncoming traffic. Both Daniel and his passenger stated that Searle waved his arms to get Daniel to stop his vehicle, approached Daniel's vehicle, and asked for assistance in removing the truck from the guard rail. Daniel stated that he offered to get a tow truck, but Searle vetoed that suggestion.
 {¶ 4} Searle's testimony was that he waved down Daniel's truck, but asked if Daniel had a cell phone that could be used to call for professional assistance. According to Searle, Daniel stated that he had no cell phone, but he would be willing to attempt to push Searle's truck off of the guardrail.
 {¶ 5} However the event transpired, the two passengers and Daniel positioned themselves to lift the bumper of Searle's truck off the guardrail as Searle accelerated. It is undisputed that Searle did not observe the others once he was in the driver's seat and did not offer input as to where or how the others were positioned. Further, Searle testified that he did not know how his truck was hanging on the guard rail or what it would take to get it off. As the truck moved forward, Daniel lost his footing and his hand became caught between the bumper and the guardrail severing some of his fingers and injuring others.
 {¶ 6} Daniel filed a personal injury suit against Searle, claiming that the attempted U-turn was a negligent act resulting in injury to Daniel. The case was tried before a jury. In the jury instructions, the trial court included instructions on the rescue doctrine of tort law as well as an instruction that the trial court referred to as the "assistance doctrine."[1] Searle objected to the inclusion of instructions on the assistance doctrine, claiming that it is not a legal theory under Ohio law. The objection was overruled, and the jury, as shown by interrogatories, found that the rescue doctrine did not apply, but granted recovery under the assistance doctrine.
 {¶ 7} Searle timely appealed, raising four assignments of error. We rearrange assignments of error for ease of discussion, and consolidate the first and fourth assignments of error.
 II. Assignment of Error No. 1 "THE TRIAL COURT ERRED IN PRESENTING A JURY INSTRUCTION AND JURY INTERROGATORY ON THE PROPOSED `ASSISTANCE DOCTRINE' WHERE THE `ASSISTANCE DOCTRINE' IS AN INCORRECT STATEMENT OF LAW."
 Assignment of Error No. 4 "THE TRIAL COURT ERRED IN SUBMITTING A JURY INSTRUCTION AND JURY INTERROGATORY THAT DID NOT ADDRESS A DETERMINATIVE ISSUE."
 {¶ 8} In the first assignment of error, Searle asserts that the jury instruction on the assistance doctrine constitutes reversible error because there is no such doctrine in Ohio, and the case from which the trial court extrapolated the assistance doctrine is inapplicable to the facts of the present case. In the fourth assignment of error, Searle argues that the assistance doctrine was not a determinative issue in the instant case, because there was no evidence presented to support the assistance doctrine as an issue dispositive of the entire case.
 {¶ 9} The court determines, as a matter of law, whether a duty exists in a negligence action. Mussivand v. David (1989),45 Ohio St.3d 314, 318. Duty arises from the sum total of those policy considerations "which lead the court to say that the particular plaintiff is entitled to protection." Id., quoting Prosser, Law of Torts (4 Ed. 1971) 325-326.
 {¶ 10} To prevail in a claim for negligence, a plaintiff must prove (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. Menifeev. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75, 77.
 {¶ 11} "Negligence may consist either of acts of omission or acts of commission." Ohio Jurisprudence 3d (1986) 47, Negligence, Sec. 10. However, ordinarily there exists no duty to act affirmatively for the protection of another; the fact that the failure to act may result in foreseeable harm does not create a duty to prevent harm. Jackson v.Forest City Ent., Inc. (1996), 111 Ohio App.3d 283, 285, citing 2 Restatement of the Law 2d, Torts (1965), 116, Section 314. Such an affirmative duty to act may arise where there is a special relationship between the parties. Id., citing Slagle v. White Castle Systems, Inc.
(1992), 79 Ohio App.3d 210. "Relationships which result in a duty to protect others include: 1) common carrier and its passengers; 2) innkeeper and guests; 3) possessor of land and invitee; 4) custodian and individual taken into custody; and 5) employer and employee." Id., citing 2 Restatement of the Law 2d, Torts (1965), 116, Section 314(A). A social host has a duty to warn guests of a danger, which is known or should be known to the host unless the danger is open and obvious. Scheibel v.Lipton (1951), 156 Ohio St. 308, paragraph three of the syllabus; Mendellv. Wilson (Mar. 4, 2002), 5th Dist. No. 2001CA00258; Nusairat v. Fast
(Feb. 11, 1997), 10th Dist. No 96APE07-925. In certain instances governed by statute, parents, due to the special relationship with their children, have a legal duty to act to protect their children from harm; liability may arise from omission where there is an inexcusable failure to act in the discharge of the duty to protect a child. State v. James
(Dec. 18, 2000), 12th Dist. No. CA2000-03-005; Hite v. Brown (1995),100 Ohio App.3d 606, 613; see, also, State v. Sammons (1979),58 Ohio St.2d 460.
 {¶ 12} In summary, "a mere failure to act cannot be the basis for negligence under the common law unless some special relationship exists between the parties or unless circumstances exist that would impose an affirmative duty upon the defendant to act." Hernandez v. Ohio Dept. ofRehabilitation (1990), 62 Ohio Misc.2d 249, 255, citing Sawicki v. OttawaHills (1988), 37 Ohio St.3d 222.
 {¶ 13} In order to have a personal injury case submitted to a jury, the plaintiff must produce some evidence upon every element essential to establish liability, or produce evidence sufficient to establish a reasonable inference that would support each element.Strother v. Hutchinson (1981), 67 Ohio St.2d 282, 285. Jury instructions are given if they are correct statements of the law and are applicable to the facts in the case, and reasonable minds can reach the conclusion sought by the instruction. Murphy v. Carrollton Mfg. Co. (1991),61 Ohio St.3d 585, 591. When reviewing jury instructions, the appellate court should determine whether the record contains sufficient evidence to allow a jury to reach the conclusion sought by the instruction. Id.
Further, a reviewing court must assess the totality of the instruction to determine whether it was either harmless or prejudicial error. YoungstownMun. Ry. Co v. Mikula (1936), 131 Ohio St. 17, paragraph two of the syllabus. An instruction is prejudicial if the jury was misled on a matter materially affecting substantial rights. Becker v. Lake Cty. Mem.Hosp. West (1990), 53 Ohio St.3d 202, 208.
 {¶ 14} The assistance doctrine as used in the instant case was extrapolated from Drexler v. Labay (1951), 155 Ohio St. 244. In Drexler, the defendant asked assistance from the plaintiff, the defendant gave the plaintiff a damaged tool to effectuate the assistance, and when the plaintiff used the tool, injury resulted. Therefore, in Drexler, there was an intervening act of negligence occurring subsequent to the request for the assistance.
 {¶ 15} The jury instruction in question in this case, and which was extrapolated from Drexler, stated:
 "Under Ohio law, a person requesting assistance must use ordinary care to make sure that the person rendering the assistance is not injured. In order for this principle of law to apply, the Plaintiff must show by a preponderance of the evidence that:
"1) the Defendant requested that the Plaintiff assist him;
 "2) that the Defendant failed to exercise ordinary care for the Plaintiff's safety while he was rendering the assistance; and
 "3) that the injuries sustained by the Plaintiff occurred as a proximate result of the Defendant's failure to use ordinary care."
 ¶ 16 In the case at bar, there was no intervening act of negligence alleged, and testimony elicited from Searle in direct examination indicated that Searle did not observe or make any attempt to ascertain the danger to the others when attempting to free his bumper from the guardrail. The trial court could, as a matter of law, find that a duty arose from a special relationship derived from the request for assistance, as indicated in the jury instruction. Further, because the testimony showed a failure to act, if the jury believed Searle requested assistance to free the truck, then the jury could find negligence in the failure to act where Searle was under an affirmative duty to act. Under the circumstances of this case, we also find that if Searle requested assistance, that request resulted in a special relationship, imposing upon him a duty to act affirmatively to protect Switter from an unreasonable risk of harm. Therefore, reasonable minds can reach the conclusion sought by the jury instruction, and the record contains sufficient evidence to allow the jury to reach the conclusion it did. The instruction was not prejudicial in that the jury was not misled on a matter materially affecting Searle's substantial rights. Searle's first and fourth assignments of error are overruled. .
 Assignment of Error No. 2 "THE TRIAL COURT ERRED IN PREPARING THE `ASSISTANCE DOCTRINE' JURY INSTRUCTION AND JURY INTERROGATORY WHERE THE `ASSISTANCE DOCTRINE' HAS NO APPLICATION TO THE INSTANT CASE SINCE PLAINTIFFS DANIEL AND DENNIS SWITTER DID NOT ARGUE IT EITHER IN THEIR PLEADINGS OR THROUGHOUT THEIR PRESENTATION AT TRIAL"
 {¶ 17} In the second assignment of error, Searle argues that the rescue doctrine was the only legal theory pursued in the pleading, and the assistance doctrine requires proof on different elements than the rescue doctrine. Searle claims, therefore, that instruction on the assistance doctrine prejudiced Searle's case because his defense strategy was based solely upon the rescue doctrine.
 {¶ 18} "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Civ.R. 15(B).
 {¶ 19} A review of the transcript shows that both parties testified as to whether Searle asked for assistance. As stated in the prior assignments of error, we agree with the trial court that a request for assistance could result in a special relationship giving rise to a duty to act. Whether Searle asked for assistance was a question of fact raised by both parties for consideration by the jury. Likewise, the parties both testified that Searle did nothing to supervise or direct the assistance given. Therefore, the jury could find that the request for assistance was issued, giving rise to a special relationship wherein Searle could be negligent in his failure to take affirmative action to protect Daniel from reasonable harm. Because both parties testified to the elements of the assistance doctrine, the issue was tried by express or implied consent as if it had been raised in the pleadings, in satisfaction of Civ.R. 15(B). Searle's second assignment of error is overruled.
 Assignment of Error No. 3 "THE TRIAL COURT ERRED WHERE IT SUA SPONTE SUBMITTED A JURY INTERROGATORY ON THE ISSUE OF THE `ASSISTANCE DOCTRINE.'"
 {¶ 20} In this assignment of error, Searle asserts that under Civ.R. 49, only the parties may request a jury interrogatory. Therefore, Searle argues, the trial court's submission of an interrogatory on the assistance doctrine is error, especially since the jury instructions on the assistance doctrine were erroneous.
 {¶ 21} In a case where recovery is possible under two separate legal theories, a general verdict will not reveal under which theory relief was afforded unless interrogatories are submitted to reveal which theory was dispositive. SeeWagner v. Roche Laboratories (1999),85 Ohio St.3d 457. "The purpose of these provisions is to elicit from the jury such special findings on particular questions of fact as will test the correctness of the general verdict, if a general verdict is returned; and it is error to submit to the jury interrogatories which do not serve such purpose." Anderson v. S.E. Johnson Co. (1948),150 Ohio St. 169, paragraph two of the syllabus.
 {¶ 22} Having upheld the jury instructions as given, the sua sponte production of an interrogatory based upon the jury instructions cannot be shown to be prejudicial. The purpose of an interrogatory is to demonstrate that a jury verdict cannot stand where it is inconsonant with the jury instructions. The interrogatory in question here showed that the verdict was based upon a jury instruction that this court has determined was not erroneous. That the interrogatory emanated from the bench instead of counsel, if erroneous, is harmless error as the interrogatory's only purpose was to test the general verdict and the two were in agreement. Searle's third assignment of error is overruled.
 III. {¶ 23} Searle's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
CARR, J. CONCURS IN JUDGMENT ONLY.
[1] The jury instruction given in this case for the rescue doctrine states: "The rescue doctrine is a principle of law that states that if: 1) a defendant is negligent, and 2) as a result of his/her negligence the defendant's safety was imperiled, and 3) the plaintiff had a reasonable belief that the defendant's safety was imperiled, and the plaintiff renders assistance, and 4) if in rendering assistance the plaintiff is injured, then the plaintiff may recover from the defendant for such injuries." The correctness and applicability of this instruction is not at issue in this case.