[Cite as *Meolatate v. Ohio State Univ.*, 2023-Ohio-3805.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Paul Meola, Individually and as Legal Administrator of the Estate of Chase Joseph Meola, et al., | : | |
| | : | |
| Plaintiffs-Appellants, | : | No. 23AP-180 (Ct. of Cl. No. 2022-00724JD) |
| v. | : | (ACCELERATED CALENDAR) |
| The Ohio State University, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on October 19, 2023

**On brief:** *Wright & Schulte, Richard W. Schulte, Stephen D. Behnke*, and *Dennis Mulvihill* for appellants. **Argued:** *Stephen D. Behnke.*

**On brief:** *Carpenter, Lipps, LLP, Michael H. Carpenter, Timothy R. Bricker, Michael N. Beekhuizen, David J. Barthel*, and *Gregory R. Dick* for appellee. **Argued:** *Timothy R. Bricker.*

APPEAL from the Court of Claims of Ohio

MENTEL, J.

{¶ 1} Plaintiffs-appellants, Paul Meola, individually and as the legal administrator of the estate of Chase Joseph Meola and Margaret Meola, appeal from a February 17, 2023 decision and entry granting the motion to dismiss of defendant-appellee, the Ohio State University ("OSU"). For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Chase Joseph Meola ("decedent") was a fifth-year student at OSU and a member of the Phi Kappa Psi fraternity. According to the complaint, OSU suspended the

Phi Kappa Psi fraternity in 2018. On October 11, 2020, the decedent attended a party at the off-campus fraternity house of Phi Kappa Psi located in the "University District" neighborhood of Columbus, Ohio. There is no dispute that the fraternity house is not a part of the OSU campus.

{¶ 3} On the evening in question, multiple non-fraternity members entered the fraternity house to attend the party. Among the uninvited individuals was Kintie Mitchell. During the evening, Mitchell was asked to leave the party and was escorted out of the fraternity house by the decedent and other fraternity members. Upon exiting the fraternity house, Mitchell allegedly shot, and ultimately killed, the decedent. Mitchell would later be criminally charged with murder. *State v. Mitchell*, Franklin C.P. No. 20CR-4965. On September 1, 2023, Mitchell pleaded guilty to involuntary manslaughter with a three-year firearm specification, in violation of R.C. 2903.04, a felony of the first degree and having weapons while under disability in violation of R.C. 2923.13, a felony of the third degree. Mitchell was sentenced to an aggregate term of 15-20.5 years in prison.

{¶ 4} On October 11, 2022, appellants filed a wrongful death and survival action against OSU. The complaint alleged OSU was negligent in failing to police the off-campus area and negligently failed to warn or protect the decedent from the criminal act of a third-party. On December 7, 2022, OSU filed a motion to dismiss, pursuant to Civ.R. 12(B)(6), arguing that it was immune from claims concerning the performance or nonperformance of a public duty under R.C. 2743.02(A). OSU also argued that even if it was not immune, it could not be held liable as it did not have a duty of care for the failure to warn or protect against the criminal acts of a third-party while the decedent was off campus. On January 4, 2023, appellants filed a memorandum in opposition contending that the public duty immunity argument is not applicable, and OSU owed a duty of care to the decedent as it had control over the fraternity house where the decedent was killed. A reply brief was filed on January 11, 2023.

{¶ 5} On February 17, 2023, the trial court granted OSU's motion to dismiss in its entirety. The trial court found that OSU was immune from liability, pursuant to R.C. 2743.02(A)(3)(a), in any civil action or proceeding involving the performance or nonperformance of a public duty. The trial court also found that, even if OSU was not

immune, it did not have a duty to prevent the criminal activity of third parties as it did not have possession or control over the off-campus residence.

{¶ 6} On March 14, 2023, appellants filed a timely appeal. An amended notice of appeal was filed on March 16, 2023.

## II. ASSIGNMENTS OF ERROR

{¶ 7} Appellants assign the following as trial court error:

[I.] The Trial Court erred by Finding a Valid Public Immunity Defense to the Factual Allegations of the Complaint.

[II.] The Lower Court Erred by Rejecting Appellants' Well-Pled Claim for Negligent Failure to Protect Chase Meola from Criminal Acts of Third Parties Despite OSU's Possession and Control of the "University District" Where Chase Meola was Killed.

(Sic passim.)

## III. LEGAL ANALYSIS

### A. Appellants' First and Second Assignments of Error

{¶ 8} As our resolution of appellants' second assignment of error is dispositive, we will address appellants' assignments of error out of order.

{¶ 9} In appellants' second assignment of error, they argue that the trial court erred finding that OSU did not have a duty of care to protect the decedent from the criminal acts of a third-party as it had possession and control over the fraternity house.

{¶ 10} Pursuant to Civ.R. 12(B)(6), a motion to dismiss for failure to state a claim upon which relief can be granted is a procedural test of a civil complaint's sufficiency. *Jabr v. Columbus*, 10th Dist. No. 23AP-182, 2023-Ohio-2781, ¶ 19, citing *Cool v. Frenchko*, 10th Dist. No. 21AP-4, 2022-Ohio-3747, ¶ 13, citing *Morrow v. Reminger & Reminger Co. LPA*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 7 (10th Dist.). When resolving whether a dismissal is appropriate, a trial court must presume that all factual claims in the complaint are true and make all reasonable inferences in favor of the plaintiff. *Hillman v. Watkins*, 10th Dist. No. 22AP-468, 2023-Ohio-2594, ¶ 33, citing *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11. A motion to dismiss, pursuant to Civ.R. 12(B)(6), should be granted when it "appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recovery." *Bullard v. McDonald's*, 10th Dist. No. 20AP-374,

2021-Ohio-1505, ¶ 11. The court need not, however, accept as true unsupported and conclusory legal propositions asserted in the complaint. *Lane v. U.S. Bank N.A.*, 10th Dist. No. 22AP-358, 2023-Ohio-1552, ¶ 23, citing *Morrow* at ¶ 7. A reviewing court considers a trial court's grant of a motion to dismiss, pursuant to Civ.R. 12(B)(6), under a de novo standard of review. *Hillman* at ¶ 33, citing *Lunsford v. Sterilite of Ohio, L.L.C.*, 162 Ohio St.3d 231, 2020-Ohio-4193, ¶ 22.

{¶ 11} In order to establish a wrongful death cause of action based on a theory of negligence, a plaintiff must show: "(1) the existence of a duty owing to plaintiff's decedent, i.e., the duty to exercise ordinary care, (2) a breach of that duty, and (3) proximate causation between the breach of duty and the death." (Citation omitted.) *Estate of Mehrer v. Walgreens Specialty Pharmacy*, 10th Dist. No. 22AP-286, 2023-Ohio-2070, ¶ 18. Failure to demonstrate any one element is fatal to a plaintiff's cause of action for negligence. *Thomas v. LSREF3 Bravo (Ohio) LLC*, 10th Dist. No. 21AP-691, 2022-Ohio-4476, ¶ 15, citing *Rieger v. Giant Eagle, Inc.*, 157 Ohio St.3d 512, 2019-Ohio-3745, ¶ 10.

{¶ 12} Under Ohio law, the existence of a duty is dependent on the relationship between the parties and the foreseeability of the injury. *Estate of Jaycox v. Setty Family Veterans Residential Care Home*, 97 Fed.Appx. 640, 645 (6th Cir.2004), citing *Littleton v. Good Samaritan Hosp. and Health Ctr.*, 39 Ohio St.3d 86, 92 (1988); *Quaye v. N. Mkt. Dev. Auth.*, 10th Dist. No. 15AP-1102, 2017-Ohio-7412, ¶ 22, citing *McCoy v. Kroger Co.*, 10th Dist. No. 05AP-7, 2005-Ohio-6965, ¶ 7. The existence of a duty is a question of law for the court to resolve. *A.M. v. Miami Univ.*, 10th Dist. No. 17AP-156, 2017-Ohio-8586, ¶ 33, citing *Martin v. Lambert*, 4th Dist. No. 12CA7, 2014-Ohio-715, ¶ 17; *Thomas* at ¶ 16, citing *Mussivand v. David*, 45 Ohio St.3d 314, 318 (1989).

{¶ 13} Outside a special relationship between the parties, or a duty imposed by statute, Ohio law does not impose a duty to protect an individual from the criminal acts of a third-party. *A.M.* at ¶ 34, citing *Slagle v. White Castle Sys., Inc.*, 79 Ohio App.3d 210, 216, (10th Dist.1992). In cases where a special relationship exists between the parties, or a duty imposed by statute, a party may be subject to liability for the harm caused by a third-party if the criminal act was foreseeable. *A.M.* at ¶ 34, citing *Simpson v. Big Bear Stores Co.*, 73 Ohio St.3d 130, 134 (1995). Even in cases where the injury was foreseeable, there may still not be a duty to act. *Wagner v. Ohio State Univ. Med. Ctr.*, 188 Ohio App.3d 65,

2010-Ohio-2561, ¶ 24 (10th Dist.); *Slagle* at 216. To be sure, because criminal acts are largely unpredictable, the totality of the circumstances must be "somewhat overwhelming" in order to create a duty of care. (Citation omitted.) *Wheeler v. Ohio State Univ.*, 10th Dist. No. 11AP-289, 2011-Ohio-6295, ¶ 17.

{¶ 14} Generally, institutions of higher learning do not stand in loco parentis to the students. *Austin-Hall v. Woodard*, S.D. Ohio No. 3:18-cv-270, 2020 U.S. Dist. LEXIS 186504 (Oct. 7, 2020); *Booker v. Lehigh Univ.*, 800 F.Supp. 234, 240 (E.D.Pa.1992). Ohio courts, however, have recognized that colleges and universities have a special relationship to its students as a property owner; students are considered "business invitee[s]" of the institution within the confines of the university. *Desir v. Mallett*, 10th Dist. No. 14AP-766, 2015-Ohio-2124, ¶ 23, citing *Wheeler* at ¶ 17. In such cases, an institution would have a " 'duty to warn or protect its business invitees from criminal acts of third parties when the business owner knows or should know that there is a substantial risk of harm to its invitees on the premises in the possession and control of the business owner.' " *Desir* at ¶ 24, quoting *Simpson* at syllabus. If the criminal act of the third-party is not foreseeable then the institution cannot be held liable for negligence. *Desir* at ¶ 24, citing *Shivers v. Univ. of Cincinnati*, 10th Dist. No. 06AP-209, 2016-Ohio-5518, ¶ 6.

{¶ 15} This court has held that a university does not have the same duty of care to warn or protect students from the criminal acts of a third-party once they leave campus or a premises that is under the institution's possession or control. *A.M.* at ¶ 37, citing *Simpson* at 135 (finding that because the alleged sexual assault occurred off campus at a premises that was not in the possession and control of the institution, the university did not have a duty of care); *Albright v. Univ. of Toledo*, 10th Dist. No. 01AP-130, 2001 Ohio App. LEXIS 4158 (Sept. 18, 2001) (finding that the university's duty of care no longer existed once the business invitee left the campus).

{¶ 16} Various statutes inform the boundaries of OSU's regulatory authority over its campus. Pursuant to R.C. 3345.21, any institution that receives state funds in support thereof, "shall regulate the use of the grounds, buildings, equipment, and facilities of such college or university and the conduct of the students, staff, faculty, and visitors to the campus so that law and order are maintained, and the college or university may pursue its educational objectives and programs in an orderly manner." R.C. 737.06 provides that the

City of Columbus, through its police chief, controls the stationing and transfers of police resources.  In short, OSU must regulate its campus and students to preserve law and order to pursue its educational objectives.  The City of Columbus is tasked with policing within the municipality, which includes the University District Neighborhood.  While OSU is generally responsible for the safety of its students, this duty is limited to the confines of the institution.  In the instant case, the fraternity house is not owned by OSU.  There is no dispute that the fraternity house, and the University District neighborhood more generally, are not part of OSU's campus.  Accordingly, OSU did not owe the decedent a duty to warn or protect against the criminal acts of a third party as the harm in this case occurred off campus.

{¶ 17} Appellants posit that while OSU is not the titled owner of the fraternity house, it had the requisite possession and control over the premises.  Appellants cite this court's decision in *Payne v. Ohio Performance Academy, Inc.*, 10th Dist. No. 17AP-202, 2017-Ohio-8006, as instructive on this point.  In *Payne*, we wrote that to determine whether a business owner had possession and control of the premises, the test to apply is whether the party had the " 'power and right to admit people to the premises and to exclude people from it, and involves a substantial exercise of that right and power.' "  *Payne* at ¶ 20, quoting *Simpson* at 132.

{¶ 18} Ohio courts have found that possession and control in the premises liability context, even in cases where the party is the owner of the real property, requires "more than retaining authority over routine and common acts * * * [such as having the authority to approve or disapprove [of] structural changes, being responsible for making repairs, and having the power to evict the tenant]."  (Internal quotations omitted.)  *Payne* at ¶ 20, quoting *Martin* at ¶ 32, quoting *Richeson v. Leist*, 12th Dist. No. CA2006-11-138, 2007-Ohio-3610, ¶ 15. The quantum of control required for premises liability is " 'one that is physical and actual, and not one that is merely legal or theoretical.' "  *Martin* at ¶ 21, quoting *Monnin v. Fifth Third Bank of Miami Valley, N.A.*, 103 Ohio App.3d 213, 222 (2d Dist.1995).  Commercial landlords are not liable for injuries to a third party that occurred on their premises if the landlord is " ' "in no way linked with the management or direction of the affairs being conducted on such premises." ' "  *Payne* at ¶ 20, quoting *Martin* at ¶ 23, quoting *Kauffman v. First Cent. Trust Co.*, 151 Ohio St. 298, 305 (1949).  Even in cases

where there could be a question of fact as to whether the owner retained the right to admit or exclude persons from the premises, there must also be evidence that the right was exercised. *See, e.g., Krause v. Spartan Stores, Inc.*, 158 Ohio App.3d 304, 2004-Ohio-4365 (6th Dist.) (finding there was no duty to appellants as there was no evidence the property owner ever exercised its right of control or possession); *Currier v. Penn-Ohio Logistics*, 187 App.3d 32, 2010-Ohio-198, ¶ 40 (11th Dist.); *Francis v. Loviscek*, 11th Dist. No. 2017-L-167, 2018-Ohio-4279, ¶ 66. (J. Grendell, concurring.)

{¶ 19} Appellants' argument fails in several respects. First, it is undisputed that OSU does not own the premises at issue, and at the time the harm occurred, OSU had suspended its association with the fraternity. The complaint does not claim that OSU had any role in the admission or exclusion of people from the party on the night in question. In fact, the complaint alleges that the fraternity hosted the party for its members, and it was the members of the fraternity that removed Mitchell from the premises. There is also no claim that OSU had ever exercised possession or control over the fraternity house. Appellants posit that OSU had control over the premises because it can discipline students for off-campus behavior. However, we do not believe that an institution's disciplinary authority over its students amounts to possession and control over a privately owned premises located off-campus. *See A.M.* at ¶ 41. Therefore, even accepting appellants' version of events as true, as required under Civ.R. 12(B)(6) analysis, there is no reasonable interpretation that would suggest OSU had possession and control over the premises, and it certainly had not "substantially exercised" that power. *Payne* at ¶ 20, quoting *Simpson* at 132.

{¶ 20} For the foregoing reasons, we overrule appellants' second assignment of error. Furthermore, based on our resolution of the second assignment of error, we find appellants' first assignment of error moot, and therefore, decline to address the substance of appellants' claims. *See* App.R. 12(A)(1)(c).

## IV. CONCLUSION

{¶ 21} This case concerns an unspeakable tragedy. However, this court is tasked with determining whether OSU should be held liable for the criminal acts of a third-party. Though we agree with trial court's determination that OSU should be dismissed from this

case, we are nonetheless sympathetic to the devastation the events of this case has caused the decedent's friends and family.

{¶ 22} For the foregoing reasons, appellants' second assignment of error is overruled, and appellants' first assignment of error is rendered moot. Accordingly, the judgment of the Court of Claims of Ohio is affirmed.

*Judgment affirmed.*

LUPER SCHUSTER and EDELSTEIN, JJ., concur.

_____