[Cite as *Marzan v. Univ. of Cincinnati*, 2024-Ohio-857.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| ANGEL MARZAN <br><br> Plaintiff <br><br> v. <br><br> UNIVERSITY OF CINCINNATI <br><br> Defendant | Case No. 2023-00533JD <br><br> Judge Lisa L. Sadler <br> Magistrate Robert Van Schoyck <br><br> <u>ENTRY GRANTING DEFENDANT'S</u> <br> <u>MOTION FOR SUMMARY JUDGMENT</u> |

{¶1} Plaintiff brings this action for negligence claiming that, on September 18, 2019, while enrolled as a student with Defendant, he was injured on the way to his on-campus job as a result of tripping and falling on an uneven walkway on Defendant's premises.

{¶2} On December 14, 2023, Defendant filed a Motion for Summary Judgment pursuant Civ.R. 56. On January 16, 2024, Plaintiff filed a Response, and, on January 23, 2024, Defendant filed a Reply. For the reasons set forth below, Defendant's Motion shall be granted.

**Standard of Review**

{¶3} Motions for summary judgment are reviewed under the standard set forth in Civ.R. 56(C), which states, in part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law.

No evidence or stipulation may be considered except as stated in this rule.

"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record before the trial court which

demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 662 N.E.2d 264 (1996). To meet this initial burden, the moving party must be able to point to evidentiary materials of the type listed in Civ.R. 56(C). *Id.* at 292-293.

{¶4} If the moving party meets its initial burden, the nonmoving party bears a reciprocal burden outlined in Civ.R. 56(E), which provides that "an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." When considering the evidence, "'[a]ny doubt must be resolved in favor of the non-moving party.'" *Pingue v. Hyslop*, 10th Dist. Franklin No. 01AP-1000, 2002-Ohio-2879, ¶ 15, quoting *Helms v. Cahoon*, 9th Dist. Summit No. 20527, 2002 Ohio App. LEXIS 102, *3 (Jan. 16, 2002). Summary judgment is not appropriate unless, "construing the evidence most strongly in favor of the nonmoving party: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party." *Robinette v. Orthopedics, Inc.*, 10th Dist. Franklin No. 97AP-1299, 1999 Ohio App. LEXIS 2038, *7 (May 4, 1999).

**Analysis**

{¶5} Defendant argues that it is immune from liability under the Workers' Compensation Act, R.C. Chapter 4123. Plaintiff argues that workers' compensation immunity does not apply because he had not yet arrived at his work station in the building and actually begun working.

{¶6} Defendant submitted a transcript of Plaintiff's deposition, which establishes the following undisputed facts relating to the issue of workers' compensation immunity. Defendant employed plaintiff in a work study position "at the building where the accident happened," known as the Learning Commons. (Deposition, pp. 13-14.) Plaintiff's brother drove him by car from their home to Defendant's campus shortly before he was scheduled to begin work at 3:00 or 3:30 p.m., dropping him off on Defendant's premises at a sidewalk near the building. (*Id.* at pp. 21-24.) Plaintiff proceeded directly along a walkway leading

to the building to report for work but tripped when he was "just about to walk in," only "a few feet away" from the front doors.  (*Id.* at p. 33.)

{¶7} Defendant also submitted an affidavit from Gloria J. Woods, Assistant Director of Leave Administration for Defendant, whose responsibilities include managing workers' compensation claims.  (Affidavit, ¶ 2.)  Woods avers that Defendant is a participant in the Ohio Workers' Compensation program and was so in 2019.  (*Id.* at ¶ 4-5.)  Woods further avers that "[e]mployees of [Defendant], including federal work study students, are eligible to file a claim under the Workers' Compensation program."  (*Id.* at ¶ 6.)

{¶8} "Generally, employers who either pay their workers' compensation premiums or are self-insuring are not 'liable to respond in damages at common law or by statute for any injury * * * received or contracted by any employee in the course of or arising out of his employment * * *.'"  *Stinnett v. Halcore Group, Inc.*, 165 Ohio App.3d 464, 2006-Ohio-504, 847 N.E.2d 16, ¶ 12 (10th Dist.), quoting R.C. 4123.74; *see also Hahn v. Groveport*, 10th Dist. Franklin No. 07AP-27, 2007-Ohio-5559, ¶ 25, quoting *Maynard v. H.A.M. Landscaping, Inc.*, 166 Ohio App.3d 76, 2006-Ohio-1724, 849 N.E.2d 77, ¶ 17 (8th Dist.) ("'Cases construing R.C. 4123.74 have held that this statute provides to employers immunity from liability to employees so long as the employer was in full compliance with the workers' compensation statutes at the time of the accident'").

{¶9} "To be compensable under the Workers' Compensation Act, an injury which arises out of the employment must also be sustained during the course of employment. This element refers to the time, place and circumstances of the injury."  *Slagle v. White Castle Sys., Inc.*, 79 Ohio App.3d 210, 214, 607 N.E.2d 45 (10th Dist.1992).  "For employees with a fixed and limited place of employment, the course of employment is typically restricted to activities occurring on the employer's premises or within the immediately adjacent 'zone of employment.'"  *Id.*  "[T]he 'zone of employment' * * * has been defined as 'the place of employment and the area thereabout, including the means of ingress thereto and egress therefrom, under control of the employer.'"  *Cunningham v. Bone Dry Waterproofing, Inc.*, 2016-Ohio-3341, 66 N.E.3d 187, ¶ 17 (10th Dist.), quoting *Merz v. Indus. Comm.*, 134 Ohio St. 36, 39, 15 N.E.2d 632 (1938).  "This zone 'is not a fixed area, rather, its relative limits or expansion must be determined "from the logical and close association of the surrounding area to the premises of employment, together with

the particular circumstances and hazards existing in relation thereto.”’” *Id.*, quoting *Berry v. G.C. Murphy Co.*, 6th Dist. Lucas No. L-81-049, 1981 Ohio App. LEXIS 11403 (Oct. 2, 1981), quoting *Frishkorn v. Flowers*, 26 Ohio App.2d 165, 169, 270 N.E.2d 366 (8th Dist.1971).

{¶10} “Injuries occurring on the employer’s premises are generally sustained in the course of employment.” *Slagle* at 214. “Injuries that occur in parking lots or walkways owned or controlled by the employer and intended primarily for employees’ use have been held to be within the zone of employment.” *Hart v. NCO Fin. Sys., Inc.*, S.D.Ohio No. 2:12-cv-733, 2013 U.S. Dist. LEXIS 105755, *21 (July 29, 2013). “But injuries sustained while traveling to and from a fixed place of employment are not generally compensable because time spent commuting is considered a private activity, not one undertaken in the service of the employer.” *Slagle* at 214.

{¶11} “The ‘zone of employment’ rule ‘has been applied before, during and after an employee’s work hours.’” *Fitch v. Ameritech Corp.*, 10th Dist. Franklin No. 05AP-1277, 2007-Ohio-2725, ¶ 17, quoting *Remer v. Conrad*, 153 Ohio App.3d 507, 2003-Ohio-4096, 794 N.E.2d 766, ¶ 11 (6th Dist.).

{¶12} In this case, it is undisputed that Plaintiff was an employee of Defendant at the time of the accident. Further, it is undisputed that Plaintiff was injured on Defendant’s premises while walking into the building where he worked, specifically on a walkway just a few feet from the front doors that were his normal means of ingress and egress. Even though Plaintiff was not yet actively engaged in his work, the zone of employment test is not contingent on the injury occurring in the actual performance of work duties. *See Hicks v. Safelite Group, Inc.*, 2021-Ohio-3044, 178 N.E.3d 63, ¶ 16 (10th Dist.). As such, there is no genuine issue of fact that Plaintiff was injured in the course of his employment. *See Id.* at ¶ 19 (employee who fell when stepping from a parking lot onto a sidewalk on the way to the building entrance was injured in the course of employment). And based upon the uncontroverted affidavit testimony from Gloria J. Woods, there is no genuine issue of fact that Defendant was at all times a relevant participant in the Ohio Workers’ Compensation program. Therefore, reasonable minds can only conclude that Defendant is immune from liability under R.C. 4123.74.

{¶13} Defendant also argues that, even if Plaintiff's claims were not barred by the Workers' Compensation Act, the claims would still fail because the alleged defect in the walkway was open and obvious.  Plaintiff argues that the defect was not open and obvious, and that even if it were, there were attendant circumstances that preclude the application of the open and obvious doctrine.

{¶14} "In a negligence action, the plaintiff bears the burden of proving by a preponderance of the evidence that the defendant breached a duty owed to him and that the breach proximately caused the injury." *Harris v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 19AP-81, 2019-Ohio-5137, ¶ 7.  Under Ohio law, the duty owed by an owner or occupier of a premises generally depends on whether the injured person is an invitee, licensee, or trespasser.  *Gladon v. Greater Cleveland Regional Transit Auth.*, 75 Ohio St.3d 312, 315, 662 N.E.2d 287 (1996).  There is no dispute in this case that Plaintiff was an invitee.  An owner or occupier of a premises generally owes its invitees "a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers." *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 5.  "However, a premises owner is not an insurer of its invitees' safety against all forms of accident that may occur on its premises." *Simms v. Penn Natl. Gaming, Inc.*, 10th Dist. Franklin No. 21AP-185, 2022-Ohio-388, ¶ 21.  "Although a pedestrian using a public sidewalk is not required to constantly look downward, a pedestrian is under a duty to care for their own safety as those of ordinary carefulness and prudence would observe." *Id.* at ¶ 27.

{¶15} "Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." *Armstrong* at ¶ 14.  "The rationale behind the doctrine is that the open and obvious nature of the hazard itself serves as a warning. Thus, the owner or occupier may reasonably expect that persons entering the premises will discover those dangers and take appropriate measures to protect themselves." *Simmers v. Bentley Constr. Co.*, 64 Ohio St.3d 642, 644, 597 N.E.2d 504 (1992). "Open-and-obvious dangers are those not hidden, concealed from view, or undiscoverable upon ordinary inspection." *Thompson v. Ohio State Univ. Physicians, Inc.*, 10th Dist. Franklin No. 10AP-612, 2011-Ohio-2270, ¶ 12. "'[T]he dangerous condition at issue does not actually have to be observed by the plaintiff in order for it to

be an "open and obvious" condition under the law.  Rather, the determinative issue is whether the condition is observable.'" *McConnell v. Margello*, 10th Dist. Franklin No. 06AP-1235, 2007-Ohio-4860, ¶ 10, quoting *Lydic v. Lowe's Cos., Inc.*, 10th Dist. Franklin No. 01AP-1432, 2002-Ohio-5001, ¶ 10.

{¶16} "In certain circumstances, the presence of 'attendant circumstances' may preclude the application of the open-and-obvious doctrine." *Haynes v. Mussawir*, 10th Dist. Franklin Nos. 04AP-110 & 04AP-117, 2005-Ohio-2428, ¶ 22.  "To serve as an exception to the open and obvious doctrine, an attendant circumstance must be 'so abnormal that it unreasonably increased the normal risk of a harmful result or reduced the degree of care an ordinary person would exercise.'" *Mayle v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. Franklin No. 09AP-541, 2010-Ohio-2774, ¶ 20, quoting *Cummin v. Image Mart, Inc.*, 10th Dist. Franklin No. 03AP-1284, 2004-Ohio-2840, ¶ 10.  "Although not an exhaustive list, attendant circumstances can include the following: poor lighting, a large volume of pedestrian traffic, the visibility of the defect, the overall condition of the walkway, and whether the nature of the site is such that one's attention would be easily distracted." *Jenkins v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 12AP-787, 2013-Ohio-5106, ¶ 16.

{¶17} In his uncontroverted deposition testimony, Plaintiff testified that he was familiar with the walkway because it was a normal route he would take to go to and from his job and, in his words, "I had seen the sidewalk that was uneven * * *." (Deposition, p. 34.)  Plaintiff authenticated a photograph of the walkway (a copy of which Defendant submitted with its Motion) that he and his brother took after the accident, depicting a place in the walkway made uneven by a difference in elevation between two sections of concrete.  (*Id.* at p. 42.)  Rather than looking at the walkway that he knew to be uneven, Plaintiff testified that he was "looking at the front doors" of the building when he fell.  (*Id.* at p. 31.)  Plaintiff stated that the accident occurred on a warm, sunny afternoon and that nothing distracted him as he walked toward the building.  (*Id.* at pp. 30, 34.)  Plaintiff stated that there was a shadow from a tree in the area, but that he has no recollection of it obstructing his ability to see the walkway.  (*Id.* at pp. 30, 40.)  Plaintiff also stated that there were paramedics nearby attending to someone, but that he was not distracted by them or by anything else when he fell.  (*Id.* at p. 34.)

{¶18} Even when making all reasonable inferences in favor of Plaintiff, reasonable minds can only conclude that the defect in the walkway was an open and obvious condition for which Defendant owed no duty.  Plaintiff's testimony establishes that the defect was observable; in fact, he already knew the walkway was uneven.  And Plaintiff's testimony establishes that there were no attendant circumstances that distracted him at the time he fell.

{¶19} Because Defendant owed no duty, the Court need not address Defendant's remaining argument that the defect was a trivial one for which there can be no liability.

## Conclusion

{¶20} Based upon the foregoing, the Court concludes that there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law. Therefore, Defendant's Motion for Summary Judgment is GRANTED and judgment is hereby rendered in favor of Defendant.  All previously scheduled events are VACATED. Court costs are assessed against Plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.


LISA L. SADLER
Judge

**Filed February 23, 2024**
**Sent to S.C. Reporter 3/8/24**